# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| KURTIS L. BROWN III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV409-086 |
| | ) |
| GREG McCONNELL, MICHAEL | ) |
| L. KARPF, GARY MOORE, EMORY | ) |
| B. BAZEMOORE, DET. SAMANTHA | ) |
| URIBA, WILLIAM L. MARTIN III, | ) |
| P.J. RUFFIN, J. BERNESS, | ) |
| DEZUANNE CHILDERS, | ) |
| SHAMARRA RILEY, CATHY V. | ) |
| GAMBLE BROWN, MICHAEL | ) |
| EDWARDS, ALICIA MINCEY, | ) |
| SAMANTHA BARNES, and MARY | ) |
| ANN BOYD, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Kurtis L. Brown, currently incarcerated at Smith State Prison, has filed a 42 U.S.C. § 1983 complaint alleging that the defendants conspired to imprison him. (Doc. 1 at 9-14.) He seeks millions of dollars in damages and a public apology from the defendants. (*Id.* at 14-15.) For the following reasons, his case should be **DISMISSED**.

The right to proceed IFP in litigation in the federal district courts is provided for by 28 U.S.C. § 1915. Litigants are not entitled as of right to proceed without the prepayment of a filing fee. IFP status, rather, is a privilege which may be denied when abused. The IFP statute therefore authorizes courts to dismiss cases sua sponte if: (1) the allegation of poverty is untrue, (2) the action is frivolous or malicious, (3) the complaint fails to state a claim upon which relief may be granted, or (4) the complaint seeks money damages from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2). Brown's action fails to state a claim for relief.

Brown, currently incarcerated for child molestation, contends that nearly every person involved in his criminal prosecution (including police officers, district attorneys, public defenders, judges, the victim, and even the Clerk of the Georgia Court of Appeals) conspired to violate his civil rights.[1] (Doc. 1 at 6, 9-14.) He raises five "grounds" for relief.

In his first ground, he states that his indictment was invalid because it did not include the date on which the crime was committed. (*Id.* at 9.) The trial court knew of this flaw but proceeded anyway, in collusion with the

---

[1] In a letter to the Court, Brown specifies that he is suing each of the defendants in their individual capacities. (Doc. 6.)

district attorney. (*Id.*) This invalid indictment, he contends, led to his false arrest and malicious prosecution. (*Id.*) In ground two Brown claims he was subjected to "an intentional false and subsequently malicious prosecution by . . . Assistant District Attorney Greg McConnell, (Det.) Gary Moore, Judge: Michael L. Karpf. Plaintiff avers that (Det.) Moore, falsely arrested him with malicious intent."[2] (*Id.* at 10.)

In ground three, plaintiff complains that the Georgia Court of Appeals affirmed his conviction even though he had never met or conferred with his counsel and did "not even know who this attorney is." (*Id.*) Brown filed a bar complaint and trial court motion regarding his issues with counsel and a hearing was scheduled in the state superior court, but the Court of Appeals went ahead and affirmed his conviction prior to the hearing. (*Id.*) Worse, he was not notified of the appellate court's decision until after his time for moving for reconsideration had passed, and he also lost his right to appeal to the Georgia Supreme Court. (*Id.* at 10-11.) Brown thus contends that

---

[2] In his first ground, Brown states that some indeterminate affidavit (possibly an affidavit supporting his arrest warrant) was based upon false information by a police officer (perhaps Moore) who conspired with a magistrate. (Doc. 1 at 9.) He states that there was no probable cause and that the "fruit of the poisonous tree" doctrine is thus applicable. (*Id.*)

3

"[t]his was fraud at its best, the plaintiff was defrauded by the (D.A.) and Mr. Emory B. Bazemorre, and Judge: Karpf and Mr. Williams from the Court of Appeals." (*Id.* at 11.)

Plaintiff's fourth ground for relief asserts that Judge Karpf "abuse[d] his authority by let[t]ing the D.A. and Det. do what they wanted to do in his court room." (*Id.*) Such conduct, he maintains, deprived the state court of its constitutional authority, so no liability can attach from its judgments. (*Id.*) And in his fifth and final ground, Brown states that McConnell lied when he "tol[d] the judge that the plaintiff had sex with Ms. Childers [the 12-13 year old victim] appx 10x. There was no DNA test to ever[] show that the plaintiff ever[] had sex with Ms. Childers." (*Id.* at 12.) He points to inconsistencies in Childers's testimony and contends that DNA testing showed that Ms. Childers had intercourse with Ramone Davis, who was never prosecuted.[3] (*Id.*) Yet the D.A. vindictively pursued Brown because of his prior involvement as a community activist in a high profile, racially

---

[3] Brown includes Mr. Ramone's social security number. (Doc. 1 at 12.) The Clerk is **DIRECTED** to strike the original pleading, redact that reference (leaving the last four digits), and re-enter the redacted complaint. Brown is advised that such personal information is unnecessary and unwelcome in pleadings before this Court. Fed. R. Civ. P. 5.2.

4

charged case. (*Id.* at 13-14.)

Plaintiff's complaint, at bottom, challenges the legality of his conviction, and a § 1983 damages claim that calls into question the lawfulness of the conviction or sentence simply "does not accrue until the conviction or sentence has been invalidated."[4] *Heck v. Humphrey*, 512 U.S. 477, 489 (1994). The Supreme Court likened such claims to common law tort actions for malicious prosecution, which historically have required the plaintiff to allege and prove the termination of the prior criminal proceeding in his favor as an element of his claim. *Id.* at 484-86. Thus, *Heck* held

> that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal

---

[4] Brown also states "that due to the various constitutional violations his indictment [should] be declared VOID." (Doc. 1 at 14.) To the extent he is attacking the legality of his custody or is seeking release from prison, "his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). And before he pursues such relief in this Court, he must first exhaust his state remedies. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). An applicant for federal habeas relief has not exhausted his state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Here, Brown admits that he is pursuing habeas corpus relief in state court. (Doc. 1 at 1.) Thus, he has an available state remedy and he must exploit that option before seeking habeas relief in this Court.

court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87. Brown has not alleged that his conviction has been set aside or invalidated, so he may not proceed with a § 1983 claim against these defendants, for were he to prevail here, such victory would "necessarily imply the invalidity of his conviction." *Id.* at 487. Accordingly his complaint should be **DISMISSED WITHOUT PREJUDICE.**[5]

**SO REPORTED AND RECOMMENDED** this 15th day of June, 2009.

/s/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA**

---

[5] Brown's complaint is clearly *Heck*-barred. The Court, therefore, need not enter into a discussion of judicial and prosecutorial immunity or Brown's failure offer factual allegations against several named defendants.